1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROMULO H. FLORES,

               Petitioner,

  v.

IMMIGRATION AND NATURALIZATION
SERVICE, HOMELAND SECURITY,

               Respondents.

No. C 11-00370 SBA (PR)

**ORDER DIRECTING PETITIONER TO
FILE COMPLETED 28 U.S.C. § 2241
HABEAS PETITION FORM; AND
DIRECTING PETITIONER TO PAY THE
FILING FEE OR FILE A COMPLETED
IN FORMA PAUPERIS APPLICATION**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On January 25, 2011, Petitioner, who is currently being held at Chino State Prison, filed a document with the Court in the instant case entitled, "Application for Waiver," which opened as a civil rights action. He did not pay the filing fee or file an in forma pauperis (IFP) application. The Clerk of the Court sent him a notice that he had not filed a complaint or petition, and informed him that if he intended to commence a new case he must file one within thirty days. The Clerk also sent Petitioner a notice directing him to pay the filing fee or to file a completed IFP application, also within thirty days.

On February 9, 2011, Petitioner filed a letter indicating that his original filing was "not a civil lawsuit, nor is it habeas corpus." (Feb. 9, 2011 Letter at 1.) He explains that the "INS and Homeland Security has initiated an action against [him] for removal proceedings," and that he was "responding to the action they initiated." (Id.) It seems that Petitioner is challenging removal proceedings.

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) did not divest this Court of habeas corpus jurisdiction over removal proceedings under 28 U.S.C. § 2241 when the petitioner has no other judicial remedy. See Magana-Pizano v INS, 200 F.3d 603, 607-08 (9th Cir. 1999); Flores-Miramontes v. INS, 212 F.3d 1133, 1139-40 (9th Cir. 2000). The scope of this habeas review extends to both constitutional and statutory questions. See id. at 1143; see also Ma v. Reno, 208 F.3d 815, 818 n.3 (9th Cir. 2000). The main issue is whether a constitutional or statutory challenge to a removal order belongs in the court of appeals or the district court:

1
2
3
4

To determine whether the district court or the court of appeals has jurisdiction over a [constitutional or statutory challenge to a removal order], we must first ask whether or not [28 U.S.C.] § 1252(a)(2) bars the filing of a petition for review [in the court of appeals]. If it does, then the claim cannot be asserted in [the court of appeals], although habeas corpus remains available in the district court. If, however, the bar does not apply and a petition for review is the appropriate procedure for resolving the issue, the petition must be heard in the court of appeal.

5

Flores-Miramontes, 212 F.3d. at 1143 (footnote omitted).

6
7
8
9
10
11
12
13
14
15
16
17

Here, based on what is alleged in the "Application for Waiver," it appears that the removal proceedings were ordered as a result of "criminal allegations made against him which are still currently under review by the courts in California." (App. for Waiver at 2.) The Court assumes that Petitioner means that the removal proceedings could have stemmed from his conviction, and that he has commenced a collateral challenge to his conviction in the state courts. If this is so, 28 U.S.C. § 1252(a)(2) bars filing a petition for review in the Court of Appeals. The Court tentatively determines that if Petitioner filed a habeas petition under § 2241 challenging the removal proceedings, it would be appropriately filed in this Court, subject to reconsideration after briefing if Respondent wishes to challenge that point. However, the Court's docket reveals that Petitioner has never filed a federal habeas petition challenging the removal proceedings in this or any other federal district court. As such, he has no federal habeas corpus petition pending. Without an actual petition, this action cannot proceed.

18
19
20
21

No later than **thirty (30) days** from the date of this Order, if Petitioner wishes to challenge the removal proceedings, he may file with the Court the attached 28 U.S.C. § 2241 habeas petition form, completed in full. He should clearly write in the correct caption and case number for this action, C 11-00370 SBA (PR).

22
23
24
25

Before the Court can proceed to review the petition, Petitioner is hereby ORDERED to pay the $5.00 filing fee in full or to file a completed application to proceed IFP using the enclosed form. Petitioner shall do so within **thirty (30) days** of the date of this Order.

26
27
28

If Petitioner fails to file a completed § 2241 habeas petition form or if he fails to pay the fee or filed a completed IFP application within the thirty-day deadline, the case will be closed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. See Link v. Wabash R.R.,

370 U.S. 626, 633 (1962) (pursuant to Rule 41(b), a district court may sua sponte dismiss an action

for failure to prosecute or to comply with a court order);  see also Malone v. United States Postal

Serv., 833 F.2d 128, 133 (9th Cir. 1987) (the district court should afford the litigant prior notice

before dismissing for failure to prosecute).

   The Clerk shall reclassify this case as a habeas corpus action.

   The Clerk shall also send Petitioner a blank § 2241 habeas petition form and a blank prisoner

IFP application.

   IT IS SO ORDERED.

DATED: 2/18/11

_Saundra B Armstrong_

SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

G:\PRO-SE\SBA\HC.11\Flores0370.filePET.wpd3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ROMULO H. FLORES,

              Plaintiff,

  v.

INS et al,

              Defendant.
_____/

Case Number: CV11-00370 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 18, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Romulo Hidaldo Flores F61811
Chino State Prison
P.O. Box 600
Chino, CA 91708

Dated: February 18, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.11\Flores0370.filePET.wpd4

**United States District Court**
For the Northern District of California