UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMULO HIDALDO FLORES, | Case No.  EDCV11-0840-CJC (DTB) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| IMMIGRATION AND NATURALIZATION SERVICE, HOMELAND SECURITY, | |
| Respondent. | |

On July 18, 2011, in response to the Court's Order Requiring Response to Petition, respondent filed their Response to Petition.  Petitioner failed to file an Opposition to respondents' Response and on September 15, 2011, served petitioner with a Minute Order, *sua sponte*, extending petitioner's time up to and including October 7, 2011, to file any Opposition.  On September 20, 2011, the Court received its Minute Order returned from the institution marked as "Return to Sender Inmate No Longer at CIM."  On September 22, 2011, the Court issued another Minute Order which noted that the annotation on the envelope returned to the Court indicated that petitioner was no longer housed at Chino State Prison.  The Court further noted that as petitioner was previously advised, pursuant to Central District of California Local Rule 41-6, petitioner was to immediately notify the Court and counsel for respondents of any change of petitioner's address.  Petitioner was advised that if he failed to keep

the Court informed of his current address, the action may be subject to dismissal for failure to prosecute.  (See Order Requiring Response to Petition ¶ 10.)  Petitioner was ordered to provide the Court with his current address with 15 days of the date of the Minute Order and his failure to do so would warrant the Court's dismissal of the action with or without prejudice for want of prosecution.  On October 5, 2011, the Court received its September 22, 2011, Minute Order returned from the institution again marked as "Return to Sender Inmate No Longer at CIM."

Petitioner thus has failed to timely provide the Court with his current address.

Accordingly, on or before **November 28, 2011**, petitioner is ORDERED to either (a) show good cause in writing, if any exists, why petitioner did not timely provide the Court with his current address, and why the Court should not recommend that this action be dismissed for failure to prosecute and failure to comply with the Court's prior Order; or (b) serve and file a Notice of Change of Address.  Petitioner is forewarned that, if he fails to do either, the Court may deem such failure a further violation of a Court order justifying dismissal, and also deem such failure as further evidence of a lack of prosecution on petitioner's part.

DATED: November 1, 2011

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE