O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROMULO HIDALDO FLORES, | ) | Case No.  EDCV11-0840-CJC (DTB) |
| Petitioner, | ) | |
| vs. | ) | ORDER RE DISMISSAL OF ACTION |
| IMMIGRATION AND | ) | FOR FAILURE TO PROSECUTE |
| NATURALIZATION SERVICE, | ) | |
| HOMELAND SECURITY, | ) | |
| Respondent. | ) | |

On January 25, 2011, petitioner, while in custody at Chino State Prison, filed an Application for Waiver in the Northern District of California in connection with removal proceedings.  On February 18, 2011, the Northern District ordered petitioner to file a completed 28 U.S.C. § 2241 habeas petition form and further directed petitioner to pay the filing fee or file a completed In Forma Pauperis application.  On March 14, 2011, petitioner filed his Petition for Writ of Habeas Corpus along with an Application to Proceed in Forma Pauperis.  On May 16, 2011, the Northern District issued an Order re Transfer transferring the matter to the Central District of California, Eastern Division, as petitioner was incarcerated at the California Institution for Men in Chino, California, which lies within the venue of the Eastern Division of the Central District of California.  On June 2, 2011, the Court issued an Order Requiring Response to Petition.  In response to the Court's Order, on July 18, 2011, respondents

1

filed a Response to Habeas Petition.  As petitioner failed to file an Opposition to respondents' Response, on September 15, 2011, the Court served petitioner with a Minute Order, *sua sponte*, extending his time up to and including October 7, 2011, to file any Opposition.  On September 20, 2011, the Court received its Minute Order returned from the institution marked as "Return to Sender Inmate No Longer at CIM." On September 22, 2011, the Court issued another Minute Order which noted that the annotation on the envelope returned to the Court indicated that petitioner was no longer housed at Chino State Prison, ordering petitioner to provide the Court with his current address with 15 days of the date of the Minute Order and his failure to do so would warrant the Court's dismissal of the action with or without prejudice for want of prosecution.  On October 5, 2011, the Court received its September 22, 2011, Minute Order returned from the institution again marked as "Return to Sender Inmate No Longer at CIM."  On October 31, 2011, the Court ordered respondent to provide the Court with plaintiff's current address and on November 1, 2011, the Court issued an Order to Show Cause ordering petitioner to file a notice of change of address.  In accordance with the Court's order, on November 21, 2011, respondent provided petitioner's current address. On December 23, 2011, petitioner requested an extension of time within which to file his reply to respondent's Response.  The Court granted petitioner's request for an extension of time on January 4, 2012. On January 19, 2012, petitioner file a Motion for Appointment of Counsel which was denied on January 23, 2012.   On January 30, 2012, the Court received its January 19, 2012, Minute Order returned from the institution.  On March 5, 2012, the Court again advised petitioner that if he failed to keep the Court informed of where he may be contacted, the action would be subject to dismissal.  In its March 5, 2012, Minute Order, the Court also *sua sponte* extended petitioner's time to file his Opposition to respondent's Response. Petitioner has failed to file either a notice of change of address, or an Opposition to respondent's Response.

Central District Local Rule 41-6 provides:

2

"DISMISSAL - FAILURE OF PRO SE PLAINTIFF TO KEEP COURT APPRISED OF CURRENT ADDRESS.  A party appearing *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any.  If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."

Here, petitioner has failed to notify the Court of his current address within 15 days of the service date of the undelivered mail described above, as required by Local Rule 41-6.  His failure to keep the Court apprised of his current address renders this case indistinguishable from Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). There, in affirming the district court's dismissal of a case for failure to prosecute, the Ninth Circuit observed that "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.

In Carey, the Ninth Circuit cited the following factors as relevant to the district court's determination whether dismissal of a pro se plaintiff's action is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Carey, supra, 856 F.2d at 1440. Here, the Court finds that the first, second and fifth Carey factors militate in favor of dismissal. While the Court finds that the third and fourth Carey factors do not militate in favor of dismissal, the Court has concluded that the other three factors in this instance outweigh the third and fourth

1  factors.

2       It therefore is ORDERED that the reference of this matter to the Magistrate

3  Judge is vacated; and that this action be dismissed without prejudice pursuant to

4  Federal Rule of Civil Procedure 41(b), Local Rule 41-6 and the Court's inherent

5  power to achieve the orderly and expeditious disposition of cases by dismissing

6  actions for failure to prosecute.  See also Link v. Wabash R.R., 370 U.S. 626, 629-30,

7  82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).

8       LET JUDGMENT BE ENTERED ACCORDINGLY.

9

10  DATED:    April 16, 2012

11

12                    _____

13                    CORMAC J. CARNEY
                  UNITED STATES DISTRICT JUDGE

14

15  Presented by:

16

17

18  _____
David T. Bristow
  United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28